FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 28, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KARRINA L.,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL

SECURITY ADMINISTRATION,

        Defendant.

No. 4:26-CV-05034-SAB

**ORDER REVERSING THE**

**DECISION OF COMMISSIONER**

Plaintiff[1] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by Shata Ling Stucky and Joseph P. Derrig. Pending before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 5, and the Commissioner's Brief, ECF No. 9.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

---

[1] It appears that Plaintiff married and changed her last name. Most of the records use her maiden name, Karrina Wilsey.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

## I.    Jurisdiction

On September 1, 2015, Plaintiff filed an application for supplemental security income, alleging disability beginning February 14, 2014.

Twice, Plaintiff's application was denied and twice Plaintiff appealed that decision. *See* 4:19-CV-05167-SAB*;* 4:21-CV-05100-SAB. In both cases, the Court remanded the proceedings. In response to the second remand, the Commissioner again denied Plaintiff's application. Plaintiff appealed, and the proceedings were remanded for a third time pursuant to the parties' Stipulated Motion to Remand. *See* 4:23-CV-05176-SAB.

A fourth hearing was held before the ALJ on November 5, 2025. Plaintiff appeared and was represented by Chad Hatfield.  The ALJ issued an order finding Plaintiff was not disabled prior to April 17, 2020, but became disabled on that date.

Plaintiff filed an appeal with the United States District Court for the Eastern District of Washington on March 13, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff has suffered from migraines since she was a child. Over the years, her condition has worsened. During her migraines, she experiences a wide range of symptoms, including visual auras, extreme sensitivity to light, sound, and smell, intense nausea and vomiting, digestive issues, hot flashes and full-body weakness. Many times, she experiences sudden onset of symptoms. At times, she struggles to stay focused, communicate clearly, or complete simple tasks during an episode.

Plaintiff has been able to complete part-time work if there is flexibility in her schedule that allows for her to miss those days when she has a migraine headache. She testified that she misses about three to four days of work every month.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 1609-1626.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 1, 2025, the date of her application. AR 1613.

At step two, the ALJ identified the following severe impairments:  migraine headaches; abdominal pain of unknown etiology; anxiety disorder; and depressive disorder. AR 1613.

At step three, the ALJ found that Plaintiff did not have an impairment or

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 1614. Ultimately, the ALJ concluded that prior to April 17, 2020, Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b). The claimant could stand or walk at least six hours, and sit at least six hours of an eight-hour workday. The claimant could occasionally climb ladders, ropes, or scaffolds, and frequently climb ramps or stairs. The claimant must have avoided all exposure to unprotected heights, hazards, and hazardous machinery. The claimant should have avoided working in areas in which the noise level was greater than that of an office setting. The claimant must have avoided even moderate exposure to working in areas with pulmonary irritants, especially those of strong odors. The claimant must have avoided concentrated exposure to direct sunlight or excessive vibrations. The claimant was limited to simple instructions, could have occasional superficial interactions with the public and with coworkers, and could tolerate occasional changes in a work setting. The claimant must have avoided fast-paced assembly line work.

AR 1616.

The ALJ found that from April 17, 2020 on, Plaintiff had the same RFC, with the additional limitation of "[t[he claimant will be absent two or more times on an unscheduled basis, including needing to leave work early in the middle of a shift." AR 1623.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 1623. The ALJ found that prior to April 17, 2020, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, including marker, housekeeper, and routing clerk. AR 1624. Consequently, the ALJ found that Plaintiff was not disabled prior to April 17, 2020. AR 1626.

## VI.  ISSUES

1.  Whether the ALJ's decision that Plaintiff became disabled on April 17, 2020, but not before, is supported by substantial evidence in the record?

## VII.  Discussion

Rather than analyze Plaintiff's argument regarding whether the ALJ erred in

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

evaluating the medical opinions and Plaintiff's credibility, the simple question in this case is whether the ALJ's decision that Plaintiff became disabled on April 17, 2020, but not before, is supported by substantial evidence in the record.

The ALJ concluded that Plaintiff's treatment for migraines increased and was more aggressive after April 17, 2020. The ALJ also noted that the bulk of the medical opinions were rendered well prior to Plaintiff's increase in treatment and continuance of symptoms in April 2020 and therefore do not address her change in functionality. The ALJ concluded that her lack of treatment accounted for Plaintiff's headaches prior to April 2020.

The ALJ's reasoning is simply not sustainable. The record indicates that Plaintiff had debilitating migraine headaches that precluded her from full-time work since the date of her application. On February 4, 2015, Plaintiff presented with sleep difficulties, tiredness, and poorer control of her migraines, reporting waking up with a headache most days. On February 23, 2015, she presented with chronic right lower quadrant abdominal pain, chronic diarrhea, intermittent nausea and vomiting, and fatigue. On May 18, 2015, she reported headaches once or twice per week and debilitating headaches requiring her mother to take care of her son one to two days per month. On June 24, 2015, Plaintiff presented with fatigue, nausea, and constipation. On December 7, 2015, she presented with chronic abdominal pain, nausea, intermittent diarrhea, weight loss, and constitutional symptoms. On February 10, 2016, Plaintiff reported worsening symptoms, with nausea, diarrhea, worsening abdominal pain, and labile emotions. On February 11, 2016, she presented to the emergency room with abdominal pain. On February 12, 2016, she again presented to emergency room with abdominal pain and vomiting. She was found to have ovarian cysts upon imaging and was diagnosed with polycystic ovary disease. On February 17, 2016, Plaintiff presented with abdominal pain, nausea, vomiting, weight loss, chills, fatigue, shortness of breath, diarrhea and constipation, easy bruising, sleep disturbance, dysphoric mood,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

nervousness, and anxiety. On February 22, 2016, she presented with epigastric pain radiating to her back, nausea, vomiting, depression, and anxiety. On February 29, 2016, she was assessed with uncontrolled depression with anxiety. On October 18, 2016, Plaintiff presented chronic abdominal pain, nausea, and migraine headache. On May 25, 2017, she presented with a migraine lasting two weeks, bilateral ear pain, back pain, coughing, neck pain, phonophobia, photophobia, rhinorrhea, and sinus pressure. She was assessed with intractable migraine with aura and received a Toradol injection. On June 30, 2017, she presented with abdominal pain, nausea, and constant constipation/diarrhea. On October 27, 2017, she presented with increasing migraine frequency, lack of relief from Tylenol and ibuprofen, nausea and vomiting, neck pain with paraspinal spasm in her cervical spine, low back pain and running out of her Maxalt prescription. On December 1, 2017, Plaintiff reported depressed mood, fatigue/low energy, irritability, social withdrawal, and generalized anxiety. The mental status exam showed her to exhibit blunted affect, depressed and anxious mood, hyperactivity, and tremors/tics, and she was assessed with generalized anxiety disorder. On December 15, 2017, she presented with no appetite, severe anxiety symptoms, severe depression symptoms, fatigue, chest tightness and shortness of breath, nausea, back pain and neck pain, dizziness, lightheadedness, headaches, agitation, decreased concentration, and sleep disturbance. She weighed 107 pounds, and it was noted that she "appears very thin." On December 19, 2017, she presented to the emergency room with near syncope, weakness, fatigue, progressively worsening abdominal pain, interrupted sleep, nausea, vomiting, diarrhea, constipation, and flank pain. She reported loss of 20 pounds in the past one to two months. Dr. Rehman noted that she "does not look well." On January 18, 2018, Plaintiff reported gradually worsening anxiety, difficulty concentrating, insomnia, irritability, palpitations, and thoughts of self-harm. On January 30, 2018, she presented with a three-week migraine headache, lack of improvement from medication, and nausea and vomiting. On April 1, 2018,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

Plaintiff presented for an evaluation of her headaches, which last about three days and occur every couple of days, with unpredictability and severe pain located behind her eyes, temple, and occipital area; she was assessed with migraine with aura. On November 1, 2018, she presented to the emergency department with a migraine of three days, with pain to both her temples and behind her eyes.

Plaintiff explained that she was able to work at McDonalds in 2018-2020, due to an understanding supervisor who would let her call in sick or say no to shifts if she was experiencing migraines. The record adequately demonstrates that Plaintiff would experience disabling absenteeism due to the frequency and duration of her migraine headaches that would preclude full-time work beginning from her application date.

The ALJ's conclusion that Plaintiff would be able to maintain adequate attendance when the record demonstrates her migraines were ineffectively controlled prior to April 17, 2020, is not logical and not supported by substantial evidence in the record.

**VIII. Conclusion**

The ALJ's conclusion that Plaintiff was not disabled from the date of her application to April 17, 2020 is not supported by substantial evidence in the record and is seemingly arbitrary. If the ALJ properly included Plaintiff's limitations in the RFC applicable prior to April 17, 2020, it is clear the ALJ would have to find that Plaintiff is disabled on remand. As such, there is no need to develop the record or convene further administrative proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Therefore, a remand for the immediate award of benefits is appropriate.

//

//

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 9**

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 5, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 9, is **DENIED**.

3.    The Commissioner's Motion for Leave to File Excess Pages, ECF No. 8, is **GRANTED**.

4.    The decision of the Commissioner is **REVERSED**. This matter is **REMANDED** to the Commissioner for an immediate award of benefits.

5.    Judgment shall be entered in favor of Plaintiff and against the Commissioner.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 28th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10